# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 18, 2007

131631

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

JAMES JOHN GIOVANNINI,
        Defendant-Appellee.

_____/

SC: 131631
COA: 261017
Wayne CC: 03-011792-01;
  03-013243

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the June 20, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I dissent from the majority's decision to deny leave to appeal. The Court of Appeals misapplied our rules of statutory construction in a published opinion and relied on rejected canons of statutory construction to hold that an offender convicted of more than one criminal offense may be eligible for youthful trainee status under the Holmes Youthful Trainee Act (HYTA), MCL 762.11. Because the Court of Appeals analysis is flawed and the result may be incorrect, I would grant leave to appeal.

The Court of Appeals analysis contains three flaws. First, the Court of Appeals erred in holding that MCL 762.11 is ambiguous. At the time defendant sought trainee status under the HYTA, the statute provided, in pertinent part:

> *If an individual pleads guilty to a charge of a criminal offense*, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. [MCL 762.11 (emphasis added).]

"[A] provision of the law is ambiguous only if it 'irreconcilably conflict[s]' with another provision or when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Public Service Comm*, 470 Mich 154, 166 (2004) (internal citation omitted; emphasis in original). "[A] finding of ambiguity is to be reached only after 'all other conventional means of [] interpretation' have been applied and found wanting." *Id.* at 165, quoting *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 474 (2003). The meaning of MCL 762.11 can be determined from its text and by using conventional means of statutory construction, including the use of MCL 8.3b.[1] Nothing in MCL 762.11 conflicts or makes it equally susceptible to more than one meaning.

Second, the Court of Appeals improperly held that the HYTA should be liberally construed because it is a remedial statute.

> We do not apply preferential rules of statutory interpretation . . . without first discovering an ambiguity and attempting to discern the legislative intent underlying the ambiguous words. *Crowe v Detroit*, 465 Mich 1, 13; 631 NW2d 293 (2001). Only if that inquiry is fruitless, or produces no clear demonstration of intent, do we resort to a preferential or "dice-loading" rule. [*Koontz v Ameritech Services, Inc*, 466 Mich 304, 319 (2002).]

See also *DeRose v DeRose*, 469 Mich 320, 353 (2003) (Kelly, J., dissenting). Because MCL 762.11 is unambiguous, the Court of Appeals should not have resorted to preferential "dice-loading" rules of statutory construction.

Third, the Court of Appeals erred in relying on the legislative acquiescence doctrine. This Court has made clear that the legislative acquiescence doctrine is disfavored. See, e.g., *People v Anstey*, 476 Mich 436, 445 n 7 (2006). It never applies to an unambiguous statute. *Id.* Because the Court of Appeals analysis is flawed in these three respects, I would grant leave to appeal to analyze MCL 762.11 using the proper rules of statutory construction.

YOUNG, J., joins the statement of CORRIGAN, J.

---

[1] MCL 8.3b provides, in part, that "[e]very word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 18, 2007

d0515

Clerk